UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT ALAN SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:13-cv-00164-JAW |
| | ) | |
| ELMER RUNYON, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Plaintiff Robert Alan Smith filed a complaint against Elmer Runyon in this court on May 2, 2013.  (ECF No. 1.)  On May 6, 2013, I issued an order granting plaintiff in forma pauperis status and setting a deadline of May 20, 2013, for plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction and also:

> to file a pleading that complies with Federal Rule of Civil Procedure 8 , in that it sets forth a claim for relief and a 'short and plain statement of the grounds upon which the court's jurisdiction depends' and otherwise meets the requirements of Rule 8(1).

(ECF No. 5.)

I also indicated to plaintiff that his failure to comply with the order would result in summary dismissal of this claim based upon lack of subject matter jurisdiction.  Federal Courts are courts of limited jurisdiction.  This court has jurisdiction over the dispute only if there is either diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.00, or a federal question, which requires that the action arise under the Constitution, laws, or treaties of the United States, rather than the laws of the State of Maine.  See 28 U.S.C. §§ 1331, 1332(a).

In the present case Smith alleges that a Maine attorney from North Parsonfield by the name of Elmer Runyon engaged in fraudulent conduct in connection with the probate of the will of someone named Margaret Morris.  Smith believes he should have received shares in a Canadian gold mine worth over one million dollars and that the Maine attorney's dishonesty deprived him of his rightful inheritance.  The attorney is not a state actor and there is no federal question jurisdiction arising under the United States Constitutions or the laws or treaties of the United States.  Thus, no federal question is evident.  Nor is there diversity jurisdiction.  Smith's cause of action, if any, arises under state law and must be brought in the Maine state courts.

On May 20, 2013, plaintiff did file a response to my show cause order, but his response neither complied with my order nor addressed the issues of federal question or diversity jurisdiction.  I now recommend that this matter be dismissed in its entirety for lack of subject matter jurisdiction.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 22, 2013                                          /s/ Margaret J. Kravchuk
                                                              U.S. Magistrate Judge